UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

YADIRA S.,[1]

    **Plaintiff,**

v.

FRANK BISIGNANO,[2]
**Commissioner of Social Security,**

    **Defendant.**

Case No. 2:23-cv-13058
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

    This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Yadira S. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* Plaintiff appeals from the final decision of the Commissioner of Social Security denying that application. After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.

[2] Frank Bisignano, the current Commissioner of Social Security, is substituted as Defendant in his official capacity. *See* Fed. R. Civ. P. 25(d).

1

I.   **PROCEDURAL HISTORY**

On May 8, 2020, Plaintiff filed her application for benefits, alleging that she has been disabled since June 30, 2017. R. 121–22, 260–63. The application was denied initially and upon reconsideration. R. 147–62. Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ"). R. 163–64. ALJ Kevin Kenneally held a hearing on February 17, 2021, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 90–111. In a decision dated March 4, 2021, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from June 30, 2017, Plaintiff's alleged disability onset date, through the date of that decision. R. 64–70 ("2021 decision"). On February 4, 2022, the Appeals Council granted Plaintiff's request to review the 2021 decision, vacated that decision, and remanded the matter for resolution of the following issue:

- The hearing decision does not contain an adequate evaluation of the prior administrative medical findings in assessing the claimant's residual functional capacity (RFC). An Administrative Law Judge will articulate the persuasiveness of all the medical opinions and prior administrative medical findings in the case record, including an explanation of how the Administrative Law Judge considered the factors of supportability and consistency (20 CFR 404.1520c). The hearing decision found as follows: "The opinions of the state disability consultants are given little weight as they were rendered prior to the development of the full record" (Decision, page 6; Exhibits B1A and B4A). Since the decision assigns a specific weight to the prior administrative medical findings, and does not evaluate the persuasiveness of the prior administrative medical findings, further consideration should be given to the prior administrative medical findings at Exhibits B1A and B4A.

Upon remand, the Administrative Law Judge will:

- Give further consideration to the medical source opinions and prior administrative medical findings pursuant to the provisions of 20 CFR 404.1520c. As appropriate, the Administrative Law Judge may request the medical sources to provide additional evidence and/or further clarification of the opinions (20 CFR 404.1520b).

- Give further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in

2

  support of the assessed limitations (20 CFR 404.1545 and Social Security Ruling 96-8p).

R. 52–53.

  On remand, the ALJ held a hearing on June 1, 2022, at which Plaintiff, who was again represented by counsel, again testified, as did a vocational expert. R. 74–89. In a decision dated June 14, 2022, the ALJ again concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time from June 30, 2017, Plaintiff's alleged disability onset date, through September 30, 2021, the date on which Plaintiff was last insured for disability benefits. R. 30–44. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on July 20, 2023. R. 4–10. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On August 30, 2023, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 3.[3] On February 15, 2024, the case was reassigned to the undersigned. ECF No. 9. The matter is ripe for disposition.

## II. LEGAL STANDARD

### A. Standard of Review

  In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. § 405(g). The United States Supreme Court has explained this

---

[3]The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see, e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham.");

*see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ's decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short

5

paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016).

B. **Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 404.1520(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b).  If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled.  Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at § 404.1509. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 404.1520(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 404.1520(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the

impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III.   ALJ DECISION AND APPELLATE ISSUES

Plaintiff met the insured status requirements of the Social Security Act through September 30, 2021. R. 33. She was 42 years old on that date. R. 43. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between June 30, 2017, her alleged disability onset date, and September 30, 2021, the date on which her insured status lapsed. R. 33.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: hallux valgus left foot status-post bunionectomy of the left foot, neuropathy, status-post left shoulder arthroscopy, hemorrhoids, degenerative disc disease of the cervical and lumbar spines, asthma, gastritis, migraines, and irritable bowel syndrome ("IBS"). *Id*.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 33–36.

At step four, the ALJ found that Plaintiff had the RFC to perform sedentary work subject to various additional limitations. R. 36–43. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as a teacher aide I. R. 42–43.

At step five and relying on the testimony of the vocational expert, the ALJ found that a significant number of jobs–*e.g*., jobs as a document preparer/microfilming and an addresser– existed in the national economy and could be performed by Plaintiff with this RFC. R. 43–44. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from June 30, 2017, her alleged disability onset date, through September 30, 2021, the date on which she was last insured. R. 44.

Plaintiff disagrees with the ALJ's findings at step four and asks that the decision of the

Commissioner be reversed and remanded for further proceedings. *Plaintiff's Brief,* ECF No. 11; *Plaintiff's Reply Brief*, ECF No. 15. The Commissioner takes the position that his decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief*, ECF No. 14.

### IV.   DISCUSSION

In the case presently before the Court, the ALJ determined that Plaintiff had the RFC to perform a limited range of sedentary work:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant (1) can occasionally push, pull, operate hand controls with the bilateral upper extremities, (2) can never push, pull, operate foot controls with the bilateral lower extremities, (3) can frequently reach overhead and in all other directions with the bilateral upper extremities, (4) can occasionally climb ramps and stairs, (5) can never climb ropes, ladders, scaffolds, (6) can occasionally balance, stoop, kneel, crouch, crawl, (7) can never be exposed to unprotected heights, moving mechanical parts, operating a motor vehicle, (8) only occasional exposure to humidity wetness, dust odors, fumes, pulmonary irritants, extreme cold, extreme heat, (9) no exposure to vibrations as well as loud and very loud noise levels, (10) *in addition to normal breaks would be off task 5% of the time in an 8 hour work day*.

R. 36 (emphasis added). In making this determination, the ALJ considered, *inter alia*, Plaintiff's IBS:

> Thirdly, regarding the claimant's hemorrhoids, gastritis, and irritable bowel syndrome. During a November 2, 2020, examination, the claimant noted that she has suffered with hemorrhoids in excess of one year, but endorsed only mild itching and irritation, and endorsed that these symptoms are intermittent. (Ex. B6F/2) On October 10, 2021, the claimant presented to the Hoboken University Medical Center for hemorrhoid surgery, alleging peri-rectal and perianal pain over the previous day. (Ex. B13F/100) The claimant had the hemorrhoid surgically removed and was ultimately cleared for discharge with prescription hemorrhoid cream. (Ex. B13F/100-107) The records also reveal that the claimant suffers from nausea, vomiting, epigastric pain, and dyspepsia secondary to gastroesophageal reflux disease and esophagitis. (Ex. B10F/11) Furthermore, the Hackensack Meridian

> Health records denote the claimant's history of irritable bowel syndrome. (Ex. B8F/1-2)
>
> On March 24, 2022, the claimant presented to the emergency room at the Hoboken University Medical Center, alleging abdominal pain and associated vomiting. (Ex. B13F/2) A CT scan of the claimant's abdomen revealed no evidence of a small or large bowel obstruction, no obstructive uropathy bilaterally, and a 1.8 cm right ovarian cyst with left adnexal compartment. (Ex. B13F/8) The claimant was assessed with irritable bowel syndrome without diarrhea, and an unspecified ovarian cyst of the right side. (Ex. B13F/9)

R. 40. The ALJ went on to conclude that Plaintiff's IBS symptoms warrant a 5% off-task allowance:

> Based on the foregoing, the undersigned finds the claimant has the above residual functional capacity assessment, which is supported by the evidence on record. The undersigned limits the claimant to sedentary work, with coordinate postural and dexterous limitations that take cognizance of the claimant's impairments of the bilateral lower extremities and her right shoulder impairment. Additionally, the undersigned restricts the claimant from workplace hazards, such as heights and moving machinery, to reduce the risk of injury, and reduces the claimant's exposure to pulmonary irritants given the claimant's history of manageable asthma. *The undersigned accords the claimant an off-task allowance of 5% in the event the claimant requires breaks to tend to irritable bowel symptoms.* Overall, the undersigned concludes that the claimant has the capacity to engage in a reduced range of sedentary work, given the claimant's lack of recent treatment for the impairments of her feet, the conservative method in which she manages her back pain, the stability of her asthma, *and the infrequency of her irritable bowel symptoms*.

R. 42 (emphasis added).

Plaintiff argues that substantial evidence does not support the ALJ's RFC determination because the ALJ failed to explain how he determined that a 5% off-task time accommodation adequately accommodated Plaintiff's severe IBS. *Plaintiff's Brief*, ECF No. 11, pp. 8–14; *Plaintiff's Reply Brief*, ECF No. 15. Plaintiff points to her hearing testimony that, *inter alia*, her IBS flares three times weekly and that, during a flare, she needs to use the restroom for a total of two to three hours. *Plaintiff's Brief*, ECF No. 11, p. 11 (citing R. 79–80). Although the ALJ considered and discounted subjective complaints flowing from other impairments, Plaintiff

10

argues that the ALJ did not discuss or discount her statements regarding the frequency of her IBS symptoms. *Id*. at 12–13; *Plaintiff's Reply Brief*, ECF No. 15, pp. 2–4. Plaintiff further contends that the ALJ engaged in prohibited cherry picking in this regard and when he pointed to one visit to the emergency room in 2022, but did not discuss other medical records related to this condition, including another visit to the emergency room in April 2020 for complaints of abdominal pain, vomiting, and worsening diarrhea. *Plaintiff's Brief*, ECF No. 11, p. 13 (citations omitted); *Plaintiff's Reply Brief*, ECF No. 15, pp. 3–4. According to Plaintiff, the ALJ's failure to build a logical bridge between the evidence and how he arrived at only a 5% off-task limitation was harmful error. *Plaintiff's Brief*, ECF No. 11, pp. 13–14; *Plaintiff's Reply Brief*, ECF No. 15, pp. 4–5.

For his part, the Commissioner argues that the ALJ properly considered the record evidence related to Plaintiff's IBS, contending that the record evidence supported the ALJ's generous 5% off-task allowance even though no physician ever opined that Plaintiff required time off task. *Defendant's Brief*, ECF No. 14, pp. 7–13 (citations omitted). The Commissioner further contends that the hearing testimony upon which Plaintiff relies came five months after the date on which Plaintiff's insured status lapsed, and that the medical records referred to by Plaintiff do not establish that she needed additional time away from work during a workday. *Id*. The Commissioner therefore takes the position that the ALJ properly considered the medical record and was not required to discuss every tidbit of evidence in the record; he argues that substantial evidence supports the ALJ's RFC. *Id*.

The Court is not persuaded that substantial evidence supports the ALJ's consideration of Plaintiff's IBS symptoms and their effect on the RFC. A claimant's RFC is the most that the claimant can do despite her limitations. 20 C.F.R. § 404.1545(a)(1). At the administrative

hearing stage, it is the ALJ who is charged with determining the claimant's RFC. 20 C.F.R. § 404.1546(c); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations.") (citations omitted). When determining a claimant's RFC, the ALJ has a duty to consider all the evidence. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). However, the ALJ need include only "credibly established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005); *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (stating that the ALJ has discretion to choose whether to include "a limitation [that] is supported by medical evidence, but is opposed by other evidence in the record" but "[t]his discretion is not unfettered—the ALJ cannot reject evidence of a limitation for an unsupported reason" and stating that "the ALJ also has the discretion to include a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible").

As it relates to the RFC in the present case, "IBS is a common, chronic, noninflammatory condition characterized by abdominal pain and altered bowel habits (diarrhea or constipation or both), but no detectable pathologic change; there may be spasms of the intestinal muscles." *Snyder v. Kijakazi*, No. CV 21-1412, 2022 WL 13801072, at *3 n.8 (E.D. Pa. Oct. 21, 2022) (internal quotation marks and citations omitted); *see also Rivera v. Barnhart*, No. CIV.A. 04-2102, 2005 WL 713347, at *7 n.16 (E.D. Pa. Mar. 24, 2005) ("Irritable bowel syndrome is a condition characterized by a combination of abdominal pain and altered bowel function, including diarrhea and/or constipation."). At step two of the sequential evaluation, the ALJ specifically found Plaintiff's IBS, among other impairments, to be severe. R. 33. At step four, the ALJ expressly discussed this condition four, R. 40, 42, but he inexplicably did not acknowledge Plaintiff's hearing testimony regarding the condition, which, among other things, causes

12

"episodes and flareups" "anytime, anywhere" a few times a week and which requires that she "often" "run to the bathroom[,]" where she stays for two to three hours. R. 79–80. Although, as the Commissioner observes, this testimony from June 2022 came months after the lapse of Plaintiff's insured status, it is notable that the ALJ nevertheless detailed and considered Plaintiff's testimony as it related to her other impairments. R. 37.

Moreover, the ALJ failed to discuss the fact that Plaintiff was brought by emergency medical personnel to the emergency department in April 2020, for "worsening vomiting and diarrhea onset[,]" which symptoms were "consistent with her IBS and gastritis." R. 835. Although the ALJ noted that Plaintiff presented to the hospital for "hemorrhoid surgery" on October 10, 2021, he failed to acknowledge that Plaintiff also arrived at the emergency department that day with abdominal pain because "she is having an 'IBS flareup'" as well as "nausea/vomiting/diarrhea" and "rectal burning and pain[.]" R. 40, 678; *see also* R. 692 (containing emergency department record from the same date that Plaintiff "with a PMHx of gastritis and IBS presents to the ED for evaluation of abdominal and rectal pain onset for 1 day. She admits to also having diarrhea, but that is chronic for her. Patient states that theses [sic] symptoms are consistent with her IBS flares").

It is true, as the Commissioner argues, that an ALJ is not required to discuss every tidbit of record evidence. *Hur v. Barnhart*, 94 F. App'x 130, 133 (3d Cir. 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."). However, the ALJ's decision must include "a clear and satisfactory explication of the basis on which it rests" sufficient to enable a reviewing court "to perform its statutory function of judicial review." *Cotter v. Harris*, 642 F.2d 700, 704–05 (3d Cir. 1981). Here, as detailed above, the ALJ selectively cited to the record when considering Plaintiff's IBS and related symptoms and

13

ultimately concluded that "an off-task allowance of 5%" sufficiently accommodated such symptoms due to "the infrequency of her irritable bowel symptoms." R. 37, 40, 42. It is not immediately apparent from this discussion to what extent the selective citation of evidence by the ALJ affected the ALJ's determination that 5% off task was sufficient to accommodate Plaintiff's IBS symptoms or how the ALJ arrived at such determination. *Id*.; *cf. Laura J v. O'Malley*, No. 7:22-CV-00402, 2024 WL 1954157, at *5 (W.D. Va. Feb. 14, 2024) (remanding where the ALJ found that the claimant's "diarrhea would result in some off-task time; however, the ALJ never made specific findings about how [the claimant's] diarrhea would result in only 5% off-task time, which amounts to roughly three minutes per hour" and where, per vocational expert testimony stating that employers generally accept a maximum of 10% off task, the "difference of just a few minutes per hour . . . demarcates the line between a finding of 'disabled' and a finding of [the claimant] being 'not disabled'" and that, "[g]iven the critical importance of such a difference, the ALJ should have engaged in a robust and thorough discussion of how he arrived at an RFC that allowed for only 5% off-task time"). Where the ALJ selectively cited to treatment notes that supported his assessment but ignored contrary portions without explanation, the Court cannot follow the ALJ's reasoning or otherwise conclude that substantial evidence supports the ALJ's consideration of Plaintiff's IBS and the RFC determination. *See Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001) ("Although we do not expect the ALJ to make reference to every relevant treatment note in a case . . . we do expect the ALJ, as the factfinder, to consider and evaluate the medical evidence in the record consistent with his responsibilities under the regulations and case law."); *Quinn v. Kijakazi*, No. 3:20-CV-01698, 2022 WL 178824, at *5 (M.D. Pa. Jan. 18, 2022) ("A selective approach to the evidence does not constitute substantial evidence upon which an ALJ may reasonably rely to deny benefits.") (citations omitted); *Segal v.*

14

*Comm'r of Soc. Sec.*, No. CV 19-8839, 2020 WL 2111229, at *6–7 (D.N.J. May 4, 2020) (remanding where "the Court finds that the ALJ nonetheless erred in his treatment of medical evidence in the record: although the ALJ did not entirely ignore treatment notes from Plaintiff's providers, he selectively cited portions of these notes, rather than addressing the conflicting evidence within these records").

Moreover, the Court cannot conclude that the ALJ's errors in this regard are harmless. The vocational expert testified that, in his professional opinion, the maximum amount of off task time tolerated is 10%. R. 87. In other words, if Plaintiff were found to be off task a few more minutes each hour than the ALJ's RFC permitted, that finding would preclude employment. *See id*.; *Laura J*, 2024 WL 1954157, at *5.

Accordingly, the Court cannot conclude that substantial evidence supports the ALJ's RFC determination. This Court therefore concludes that remand of the matter for further consideration of this issue is appropriate. Moreover, remand is appropriate even if, upon further examination of Plaintiff's IBS and the RFC determination, the ALJ again concludes that Plaintiff is not entitled to benefits. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation."); *Jiminez v. Comm'r of Soc. Sec.*, No. CV 19-12662, 2020 WL 5105232, at *4 (D.N.J. Aug. 28, 2020) ("Once more, the ALJ did not provide an adequate explanation that would enable meaningful review, and the Court once more cannot determine what role lay speculation played in the ALJ's rejection of this detailed functional assessment from Dr. Marks."); *Cassidy v. Colvin*, No. 2:13-1203, 2014 WL 2041734, at *10 n.3 (W.D. Pa. May 16, 2014) ("Nevertheless, that the ALJ may have misinterpreted or misunderstood Dr. Kaplan's findings with regard to Plaintiff's postural activities does not

absolve her of her error. Rather, it highlights the need for an ALJ to fully explain her findings. Otherwise, the district court is left to engage in this sort of speculation about how an ALJ arrived at her decision.").

## V. CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  October 22, 2025                    *s/Norah McCann King*
                                            NORAH McCANN KING
                                    UNITED STATES MAGISTRATE JUDGE